UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMEET SINGH SINGH (A-Number: 241-263-563),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, et al.,<br><br>Respondents. | No.  1:26-cv-01406-KES-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE<br><br>Docs. 1, 13 |

Petitioner Harmeet Singh Singh is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 3, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition for writ of habeas corpus, denying respondents' motion to dismiss, and ordering the government to provide petitioner with a bond hearing.  Doc. 13.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within five days after service.  Petitioner filed objections on April 7, 2026, *see* Doc. 14, and respondents filed objections on April 8, 2025, *see* Doc. 15.

Respondents object "for the same reasons advanced in Respondents' earlier filing[,]" and they do not meaningfully address the findings and recommendations' analysis.  *See* Doc. 15.

Respondents also request language clarifying that the order does not preclude the re-detention of petitioner if he becomes subject to a final order of removal. *See id.* To clarify: this order does not address or limit respondents' authority to detain petitioner in the event he becomes subject to an executable final order of removal. Petitioner's current liberty interest is based, in part, on his prior release from detention pursuant to § 1226(a). *See Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302, at *5 (E.D. Cal. Jan. 12, 2026). Petitioner remains subject to 8 U.S.C. § 1226(a) because he is still in active removal proceedings; petitioner is not subject to a final order of removal. The statutory authority to detain petitioner would shift to 8 U.S.C. § 1231 only once petitioner is subject to a final order of removal and the 90-day "removal period" begins. *See* 8 U.S.C. § 1231(a)(2)(A).[1]

Petitioner objects to the recommendation for a post-deprivation bond hearing rather than immediate release subject to a pre-deprivation bond hearing. *See* Doc. 14. Under the circumstances of this case, the Court finds that immediate release subject to a pre-deprivation bond hearing is appropriate. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R.*, 791 F.Supp.3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies

---

[1] The "removal period" begins on the latest of the following dates: (1) "[t]he date the order of removal becomes administratively final"; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

2

postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)).  While the Form I-213 attached to the petition states that petitioner had "multiple violations" of the Intensive Supervision Appearance Program "for either completing check-ins outside of the designated area or [for not completing] check-ins on time," it also explains that petitioner successfully completed each check-in within twenty-four hours.  *See* Doc. 1-1 at 4–5.  Additionally, the Form I-213 confirms that petitioner subsequently reported to the ICE office as instructed on November 24, 2025.  *See id.*  Respondents do not argue that petitioner is a flight risk or a danger, *see* Doc. 11, and they do not identify any urgent circumstances that would require a post-deprivation, rather than pre-deprivation, bond hearing in this case.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, including the parties' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis as addressed above.

Accordingly,

1. The findings and recommendations issued on April 3, 2026, Doc. 13, are ADOPTED IN PART.

2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3. Respondents are ORDERED to release petitioner immediately.

4. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

///

///

///

///

///

---

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3

5. The Clerk of Court is directed to close the case. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:   April 23, 2026

UNITED STATES DISTRICT JUDGE